# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL MATURINO RESENDIZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 06-2128 |
| | § | |
| NATHANIEL QUARTERMAN,[1] | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The State of Texas plans on executing Angel Maturino Resendiz on June 27, 2006.

Resendiz has filed a petition for a writ of habeas corpus contending that, pursuant to *Ford*

*v. Wainwright*, 106 S. Ct. 2595 (1986), his mental illness renders him incompetent to be

executed.  He now asks this court to stay his impending execution and provide him with an

opportunity to prove his incompetency.  He also requests to proceed in this manner *in forma*

*pauperis*.[2]

As the court has already considered, and denied, Resendiz's initial habeas petition,

(H-05-CV-1604), his recent pleading presumptively falls within the Anti-Terrorism and

Effective Death Penalty Act's ("AEDPA") limitation on successive petitions.  The AEDPA

only allows the circuit courts to authorize the filing of a successive habeas petition.  *See* 28

---

[1]     On June 1, 2006, Nathaniel Quarterman replaced Douglas Dretke as the Director of Texas Department of Justice-Correctional Institutions Division.  Accordingly, Quarterman "is automatically substituted as a party."  FED. R. CIV. P. 25(d)(1).

[2]     Resendiz's motion to proceed *in forma pauperis* is granted.

U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one.").

The AEDPA itself does not define "second or successive." The Fifth Circuit holds that a petition is successive "when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petitioner, or (2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). "*Ford* claims admittedly have an uneasy fit with the AEDPA's limits upon successive writs." *Richardson v. Johnson*, 256 F.3d 257, 259 (5th Cir.), *cert. denied*, 121 S. Ct. 2580 (2001). Strictly applying the AEDPA's successiveness provisions to *Ford* claims becomes problematic because federal precedent generally holds that incompetency-to-be-executed claims do not become ripe until the immanency of an execution. *See, e.g., Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (approving of the dismissal of a *Ford* claim as premature "because his execution was not imminent and therefore his competency to be executed could not be determined at that time"); *Herrera v. Collins*, 506 U.S. 390, 407 (1993) ("[T]he issue of sanity is properly considered in proximity to the execution."); *Billiot v. Epps*, 107 Fed. Appx. 385, 387, 2004 WL 1682759, at *1 (5th Cir. 2004) ("Because an execution date has not been scheduled and Billiot's execution is not

2

imminent, his *Ford* claim is premature."), *cert. denied*, 125 S. Ct. 1694 (2005); *In re Davis*, 121 F.3d 952, 953 (5th Cir. 1997) ("Our court denied the motion without prejudice as premature, because Davis' execution had not been scheduled.").

To accommodate *Ford* claims into the AEDPA's one-bite-at-the-apple federal procedure, the Fifth Circuit has held that when the factual basis for a petitioner's *Ford* claim is available at the time of his first habeas petition he must advance his *Ford* claim in his initial habeas proceeding, the district court must dismiss the claim as premature, and the inmate must then renew his claim as his execution looms near. The Fifth Circuit considers any subsequent federal petition not following this procedure as successive under the AEDPA. *See Richardson*, 256 F.3d at 259; *Davis*, 121 F.3d at 953–56.

Concerns over Resendiz's mental state have existed since before his trial. Resendiz, however, did not challenge his competency for execution in his initial federal habeas petition. Resendiz disagrees with the Fifth Circuit's procedure, presenting several arguments to undercut its validity. In particular, Resendiz argues that *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), requires this court to consider the merits of his habeas petition. In *Martinez-Villareal*, the Supreme Court held that a petitioner's *Ford* claim raised in an earlier petition then presented again in a subsequent habeas action did not constitute a "second or successive" habeas application. The Supreme Court treated the *Ford* claim "in the same manner as the claim of a petitioner who returns to a federal habeas court after exhausting state remedies." *Id.* at 644.

The Supreme Court, however, left open the question presented to this court: "the

situation where a prisoner raises a *Ford* claim for the first time after the federal courts have already rejected the prisoner's initial habeas application." *Id.* at 645 n.1. The Fifth Circuit answered that question in *Richardson*, finding that a *Ford* claim raised for the first time after federal courts had already adjudicated the petitioner's initial federal habeas action is a "successive" proceeding. The Fifth Circuit has consistently applied the *Davis* approach. *See Colburn v. Cockrell*, No. 02-21208, 54 Fed. App'x 412 (5th Cir. Nov. 6, 2002); *Ogan v. Cockrell*, No. 02-21257, 54 Fed. App'x 591 (5th Cir. Nov. 19, 2002). Other circuits have followed the Fifth Circuit's approach to *Ford* claims presented in successive petitions. *See In re Provenzano*, 215 F.3d 1233, 1235 (11th Cir.), *cert. denied*, 120 S. Ct. 2710 (2000); *Nguyen v. Gibson*, 162 F.3d 600, 601–02 (10th Cir. 1998). This court is bound to follow circuit precedent, particularly in light of the fact that the Fifth Circuit had an opportunity to revisit this issue in light of *Martinez-Villareal* and declined to do so. *Richardson*, 256 F.3d at 258–59 ("[W]e we do not read the decision of the Supreme Court in *Stewart v. Martinez-Villareal* as overruling or casting doubt on our decision in *In Re: Davis*. Rather, the Supreme Court by footnote explicitly declined to decide the case of a petitioner who did not present his *Ford* claim in his first federal habeas [petition], as did Martinez-Villareal.").

Under controlling Fifth Circuit law, Resendiz's recent pleading constitutes a successive habeas petition that this court has no jurisdiction to consider. Likewise, this court cannot stay Resendiz's execution. *See Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2002) ("[A] federal court is without jurisdiction to consider a request for stay of execution in connection with a successive habeas petition in the absence of express authorization by

this Court pursuant to 28 U.S.C. § 2244(b)(3)(A).”), *cert. denied*, 123 S. Ct. 14 (2002). Resendiz must seek an order from the Fifth Circuit if he wishes to challenge his competency to be executed.

Federal procedure allows a district court to transfer a successive habeas petition  to the circuit court for review under 28 U.S.C. § 2244(b)(2).  *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).  This court lacks jurisdiction to consider Resendiz's claims until the Fifth Circuit, which could have exercised jurisdiction at the time Resendiz filed this action, makes a gateway determination under the AEDPA.  “Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating.”  *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). In light of Resendiz's impending execution, this court directs the clerk to transfer Resendiz's action to the Fifth Circuit Court of Appeals for a determination of whether, under 28 U.S.C. § 2244(b)(2), that court should authorize the filing of a successive habeas petition.

SIGNED on June 23, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge