## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL MATURINO RESENDIZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 06-2128 |
| | § | |
| NATHANIEL QUARTERMAN,[1] | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## ORDER

Resendiz filed a petition for writ of habeas corpus on June 23, 2006.  (Docket Entry No. 1).  Because this court had already considered and denied Resendiz's initial habeas petition (No. H-05-CV-1604), this court transferred the successive petition to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631.  (Docket Entry Nos. 5–6).  Resendiz now seeks a Certificate of Appealability ("COA") from that decision, arguing that this court's construction of Resendiz's recently filed habeas petition raising a *Ford v. Wainwright*, 477 U.S. 399 (1986), claim is debatable.  (Docket Entry No. 7).  Resendiz's request for a COA is denied.

The first question is whether this court, which lacked jurisdiction to consider Resendiz's successive habeas petition, has jurisdiction to consider Resendiz's request for a

---

[1]    On June 1, 2006, Nathaniel Quarterman replaced Douglas Dretke as the Director of Texas Department of Justice-Correctional Institutions Division.  Accordingly, Quarterman "is automatically substituted as a party."  FED. R. CIV. P. 25(d)(1).

COA.  Although the Fifth Circuit has not addressed this question, two circuit courts of appeals have held that appealing a dismissal of an unauthorized successive collateral attack requires the issuance of a COA.  *See Sveum v. Smith*, 403 F.3d 447, 447 (7th Cir.), *cert. denied*, 126 S. Ct. 442 (2005) (holding that "a petitioner who files an unauthorized collateral attack needs a certificate of appealability in order to be allowed to appeal") (citations omitted); *Jones v. Braxton*, 392 F.3d 683, 688 (4th Cir. 2004) (same).  Finding these decisions persuasive, this court determines that it may entertain the narrow question of whether a COA should issue.

This court may grant a COA only upon finding that Resendiz has made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To satisfy this standard, Resendiz must demonstrate that reasonable jurists could find the district court's resolution of his constitutional claims debatable or that reasonable jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  "[A] COA ruling is not the occasion for a ruling on the merit of petitioner's claim[.]"  *Id.* at 331. Instead, this court must engage in a narrow threshold "overview of the claims in the habeas petition and a general assessment of their merits."  *Id.* at 336.  Because Resendiz's case involves the death penalty, this court must resolve any doubts as to whether a COA should issue in his favor.  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

As this court noted in its previous Memorandum and Order, before a petitioner files a second or successive habeas petition, he must first "move in the appropriate court of

appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Resendiz has not done so.  Although Resendiz claims that *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), overrules Fifth Circuit precedent such as *In Re: Davis*, 121 F.3d 952 (5th Cir. 1997), which requires a petitioner such as Resendiz to raise his *Ford* claim in his initial habeas petition, the Fifth Circuit has rejected this argument in post-*Martinez-Villareal* cases.  *See Richardson v. Johnson*, 256 F.3d 257, 258–59 (5th Cir.), *cert. denied*, 121 S. Ct. 2580 (2001) ("[W]e we do not read the decision of the Supreme Court in *Stewart v. Martinez-Villareal* as overruling or casting doubt on our decision in *In Re: Davis*. Rather, the Supreme Court by footnote explicitly declined to decide the case of a petitioner who did not present his *Ford* claim in his first federal habeas [petition], as did Martinez-Villareal.").  The district court decision to which Resendiz cites, *Panetti v. Dretke*, No. 1:04-cv-00042-SS (W.D. Tex. July 20, 2004), does not make this binding Fifth Circuit precedent debatable.  This argument is best addressed by the Fifth Circuit.

This court does not believe that reasonable jurists would find it debatable that a petitioner who fails to raise a *Ford* claim in his initial habeas petition is permitted to raise such a claim in a successive habeas petition without first obtaining permission of the Court of Appeals.  Resendiz's request for a COA is denied.

SIGNED on June 26, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3